The opinion of the Court was afterwards delivered by
Parsons, C. J.
The action is assumpsit on a bank-note purporting to be issued by the Nantucket Bank. The defendants pleaded misnomer of the corporation in bar. To this plea there is a general demurrer and joinder.
[ * 95 ] * The defendants admit that their bar is bad; but they contend that the writ ought to abate, because it appears from the face of it, that the Court of Common Pleas for the county of Suffolk, to which Court the original writ was returnable, had no jurisdiction.
The objection to the writ is founded on the want of any venue laid in any place in the county of Suffolk, and the counsel for the defendants has endeavored to support his objection by the words of the statute of 1782, c. 11., creating the Common Pleas. By the statute that Court have cognizance of all civil actions of the value of more than forty shillings, arising or happening within their county.
If these words were to be construed as meaning that the causes of action shall arise or happen within their county, it would be a Court of inferior jurisdiction, and the original writ must allege that the cause of action arose in the county, which allegation might be traversed. But the ancient and constant usage is against this construction ; and the words “ all civil actions arising or happening within the county ” must extend to all civil actions lawfully sued within the county; which will include all transitory actions, and also all local actions, the causes of which arise in the county. This construction is supported by constant, invariable and ancient usage. I add ancient usage, because the jurisdiction of the Common Pleas created by the provincial act of 10 W. 3. c. 2. is of all civil actions arising or happening within its county.
*71 This construction has the sanction of subsequent legislative acts, limiting the plaintiff’s right to sue transitory actions in any county. The statute of 1784, c. 28. § 13.," provides that transitory actions, where both the parties live within the state, shall be brought in the county where one of the parties lives; otherwise the writ shall be abated, and the defendant allowed double costs.
*The statute of 1795, c. 61. §2., enacts that actions [*96 ] on judgments rendered without the state, which here are transitory, may be sued in any county, where either of the parties lives, or where any valuable goods, credits or estate of the judgment debtor may be found.
These acts suppose that previously these actions might have been sued in any county, at the plaintiff’s election.
Neither do these provisions apply to the jurisdiction of the Common Pleas; for it has been determined that the alterations thus introduced are designed for the defendant’s advantage, which he may waive. And he is considered as waiving them, unless he plead iii abatement to the writ.
It is therefore very clear that the Common Pleas had jurisdiction of this action, because it was transitory. And, indeed, the defendants could not plead either of the last statutes in abatement, because the plaintiff lives in the county where the action was sued.
The want of venue, therefore, is no objection to the jurisdiction, although at common law it is an objection to the declaration. In England, a venue in point of form is necessary; but so far frtim its being an objection to the jurisdiction, the Court will change it to another county, to prevent oppression in the plaintiff, or to secure an impartial trial.
The venue at common law regulates the process of summoning a . jury, who anciently were always returned from the vicinage; but in this commonwealth venues are of no use. In the early days of our law they were net averred; and tradition has handed down the first case in which they were held necessary. It happened about sixty years ago. Since that time they have been considered as a necessary part of technical form, but not as a substantial part of the writ.
We therefore hold a declaration without a venue, or with a wrong one, as bad in form when specially demurred * to for this cause; but for no other reason that I can devise, but a [* 97 ] long usage.
In the present case, the wrong venue not being shown as a cause of demurrer, the defendants cannot have advantage from it; and the plaintiff must have judgment for his damages (a).

 Gilbert al. va. Pres, & Direct. Nantucket Bank, post, 97.