Parker, C. J.
Upon the facts stated by the parties in this case, the plaintiff considers himself entitled to the whole amount of the bonds paid by him, together with the costs of the suits against him, on the ground, that the defendant, either by the agreement with Shaw to allow the same out of the demand of Barker & Bridge, or by the covenant made with the creditors of Rice fy Savage, in consideration of the property retained as stated in the case, had become virtually the principal m the bonds ; and that a promise in law arises from this obligation, that he would pay them, and indemnify the plaintiff.
The plaintiff also contends, that the stipulation or covenant, made by Rice & Savage with their creditors, accrues to the use and benefit of himself as co-surety, and that on this ground he has maintained his right to recover the whole sum.
But we think he cannot prevail on puher of these- grounds *93 Savage’s obligation to pay was not increased by his transaction with Shaw, or with the creditors of his house. The engagement of Shaw to allow the amount of the bonds on their debt to Barker & Bridge was contingent, depending altogether upon his payment of the bonds. It was intended for his security, in case he should be compelled to pay by the United States; and cannot be construed into a promise, superadded to the bond. Shaw now has the right, after the expiration of the term limited in his bond, to execute the whole of his judgment against Rice & Savage, for aught that is contained in his. agreement with them.
*Neither can the provision, made by Barker & Bridge [* 101 ] in the assignment of their effects, aid the plaintiff in his demand against Savage; for it was ineffectual for want of funds. Had it answered the purpose for which it was intended, all the parties would have been relieved. But here was no covenant, agreement, or promise, express or implied, by Savage, nor any thing to alter the relation he originally stood in to the parties.
The principal circumstances, however, relied on by the plaintiff, to support his claim for the whole money, is the transaction between Savage and his creditors ; his covenant with them to pay these bonds ; and his reservation of property out of his effects assigned for that express purpose.
The difficulty on this ground is, that it is a transaction entirely between other parties, in which the plaintiff had no concern ; res inter alios acta. The compromise which enabled Rice & Savage to retain property for the payment of the bonds, was for the convenience of tbetr creditors ; because the United States were supposed to have a lien upon all the effects assigned ; and the object of this reservation was to liberate the effects from that supposed lien. There is no doubt, an action by the creditors could have been maintained, had any of the property assigned been afterwards taken to satisfy these bonds. The creditors were willing to relinquish the property for the covenant of Rice & Savage; and as this assignment was voluntary on their part, the creditors having no coercive power to effect it, Rice Savage were justifiable in retaining as mqch as their creditors would assent to, to indemnify them for their liabilities to Barker fy Bridge, or for any other lawful purpose. There was nothing in this transaction, to change their character from sureties to principals on the bonds, nor any thing which can be the foundation of an implied promise to the plaintiff, that Savage would pay these bonds, or indemnify the plaintiff, if he should be compelled to pay them.
It might have afforded a consideration for an express promise, connected with the relation in which the plaintiff * [* 103] end deferdant stood upon the bonds. But it furnishes no *94 .egal or equitable ground, on which a promise in law can be founded ; for the character of the transaction is that of a provision for the in demnity of Savage, rather than an engagement at all events to pay.
We are satisfied, upon the foregoing grounds, that the plaintiff cannot recover the whole sum paid by him ; and that the most he is entitled to is, to be considered in the light of a surety, having a right of contribution from his co-surety upon the bond.
But the defendant objects against this, that, although, by the form of the bond, the plaintiff appears in the character of surety, yet that he is virtually, and ought to be considered equitably, the principal in the bond ; inasmuch as the duties secured were on goods imported by him, of which he was the owner, and which were entered by Bridge, the supposed and nominal principal, for the convenience and benefit of the plaintiff.
We have no doubt, that, in this action, which is founded on principles of equity, it would be competent to a defendant, called upon to contribute, to show that the plaintiff, although apparently a surety, was, in fact, the real debtor, and that he would thus successfully resist the claim. It is settled, that, when a surety joins in the bond at the request of him who sues for contribution, be shall not be held to pay ; and, as there are many cases, in which, from the regulations in the custom-houses, goods cannot be entered by the real owner, so that a consignment is resorted to, and the bond of the consignee given, it is certainly necessary that the real state of the transaction should be inquired into in this form of action ; otherwise, injustice may be done under the pretence of an equitable adjustment.
But we are satisfied that this is not a case of that description. For, although the goods were imported by the plaintiff, yet they were immediately placed in the hands of Barker & Bridge, with the power to dispose of them. Bridge voluntarily became [ * 103 ] the.debtor to the government, and made * the plaintiff the debtor of his house, to the amount of the duties.
The consignment was not a mere formal one for the purpose of making an entry, but an absolute consignment accompanied by possession of the goods. Bridge does not appear, in any of his subsequent transactions, to have attempted to throw off this debt upon the plaintiff; but, on the contrary, endeavoured to make provision for this, among other debts to the United States, as a debt of his own. And it was really so ; for, having accepted the consignment and possession of the goods, given his bond for the duties, and charged the amount to the plaintiff, he ought to be considered as the principal debtor ; in the same manner as if the plaintiff had paid him the amount of the duties on the day the bonds were signed. And it is probable that he preferred to consider himself in this light; because he thus had the advantage of the credit on the bonds, having it in his *95 power to avail himself of the amount immediately, by the sale of the goods. For there appears to have been no stipulation, that he was not to avail himself of the amount of duties, upon a sale of the goods, until the bonds should become due.
It is not stated that the defendant became surety at the request of the plaintiff. On the contrary, the house of Bice Savage being largely indebted to Barker fy Bridge, it is to be presumed that this was the defendant’s inducement to become surety, without consider-; ing, at the time, the interest of Taylor.
We are satisfied, that nothing has been shown, on either side, to change the relation, in which the parties originally stood to each other upon these bonds ; and that the plaintiff, as surety, having been compelled to pay the whole, ought to recover one moiety of the defendant, his co-surety.†
According to the agreement of the parties, the defendant is to be called.

Defendant defaulted.

 Johnson vs. Johnson, 11 Mass. Rep. 359. — Brazier vs. Clark, 5 Mass. Rep. 96. Bachelder vs. Fiske et al., 17 Mass Rep 464. — Swasey vs. Little, 7 Pick. 296. If the duties were charged in account, and, when Taylor paid the bond, the balance of that account was against him, and was more than the amount of the moneys paid by Taylor to discharge the bond, which seems to have been the case, Taylor could have no claim in equity against Savage; and quaere, whether he had any claim which ought to have been enforced at law ? The right to contribution depends rather upon a principle of equity than upon contract. Craythorne vs. Swinburne, 14 Ves. 160. — Dearing vs. Winchelsea, 1 Cox, 318.— Campbell vs. Messier, 4 Johns. Ch. 334. — 6 Johns. Ch 21. It may be questioned whether, as to Savage, Taylor was not to be considered as a principal and not a co-surety, lb. But if not, yet the moneys received by Taylor, and credited in the same account in which the duties were charged, ought to have been considered as enuring to the benefit of Savage. Hays vs. Wood, 4 Johns. Ch. 123, — Bachelder vs. Fiske et al., ub. sup.