# R. HENDERSON *versus* J. McDUFFEE.

Where there are three sureties, if one be insolvent and another pay the whole debt, the third shall contribute a moiety.

And if three persons give a note for their joint debt, each is to be considered with respect to the others as a surety with regard to two thirds, and as a principal with regard to one third, of the debt ; and if one be insolvent and another pay the whole debt, the third shall contribute a moiety.

ASSUMPSIT for money paid, laid out and expended. The cause was submitted to the decision of the court upon the following facts.

On the 31st December, 1827, the plaintiff, the defendant, and one Joel Varney, made their promissory note of that date for their joint debt to J. B. Odiorne, for the sum of $952,48, payable on demand, with interest ; and also another note, for their joint debt, for one thousand dollars, payable to the Dover bank, in sixty days, with interest after. The said Odiorne commenced a suit on his said note against all the said makers, and at the court of common pleas, holden in this county on the first Tuesday of August, 1828, recovered judgment against them for $988,19 debt, and $9,38 costs. The Dover bank commenced a suit on the note given to the bank as aforesaid, and at the same term of the said court, recovered judgment against all the said makers, for $1027,50, debt, and $9,38, costs.

Executions issued on said judgments and were delivered to an officer, who collected of the defendant $38, and

Henderson
*v.*
McDuffee.

the residue with his fees, which amounted to $37,19, of the plaintiff.

Varney is wholly insolvent, but the plaintiff has in his hands $89,39, which is the joint property of the plaintiff, the defendant and Varney. And it was agreed that judgment should be rendered for the plaintiff for such sum as the court might deem right.

*J. H. Woodman*, for the plaintiff.

*J. H. Smith*, for the defendant.

*By the court.* It seems now to be well settled, that a surety, who pays the debt, may maintain an action in a court of law, against his co-surety, for a contribution. 3 N. H. Rep. 270, *Odlin* v. *Greenleaf* ; 2 Esp. N. P. cases, 478, *Turner* v. *Davies* ; 14 Johns. 318, *Murray* v. *Bogart* ; 17 Mass. Rep. 464, *Batchelder* v. *Fisk* ; 12 Mass. Rep. 98, *Taylor* v. *Savage* ; 10 Johns. Rep. 32, *Sawyer* v. *Lyon* ; 1 East, 220, *Birkley* v. *Presgrave.*

The rule of law, by which a contribution among sureties is enforced, is founded upon fixed priciples of natural justice. The parties in such a case stand in *equali jure* and equality is with respect to them, equity ; and one of them ought not in justice to be compelled to bear the whole burthen in ease of the rest, but it should be thrown upon all equally. 14 Vesey, 160, *Craythorne* v. *Swinburne* ; 4 Johns. Ch. Rep. 334, *Campbell* v. *Mesier* ; 1 V. & B. 114 *Lingard* v. *Bromley.*

In a court of equity the rule is, that, where there are three sureties, if one be insolvent, and another pays the whole debt, the third shall contribute a moiety. 1 Equity Cases, Ab. 114 ; 1 Ch. Cases, 246 ; 1 Ch. Rep. 120 & 150 ; 2 B. & P. 274 ; 10 Mass. Rep. 454.

But in England an opinion seems to have prevailed that, in a court of law a surety cannot be held to contribute more than his aliquot part of the whole, regard being had to the number of co-sureties, although some of the sureties be insolvent. 2 B. & P. 268, *Cowell* v. *Edwards.*

In this state, however, we have no courts of equity, and if, where some of the sureties are insolvent, the rest cannot be compelled in a court of law to contribute equally, then a surety who has been compelled in such a case to pay the whole debt, will in fact have no adequate remedy against his solvent co-sureties. But the claim of such a surety to recover from his solvent co-sureties their aliquot parts of the whole, regard being had to their number, is founded upon as clear principles of justice and equity, as any claim of contribution whatever can be. And where the law confers a right, it will also confer a remedy, and the existence of the right being once established, it is the duty of the court to adopt a suitable remedy.

And we have no hesitation in holding, that, in this state, where one of the sureties is insolvent, another, who has paid the debt, may in a suit at law recover of the third a moiety of the sum paid.

In this case, the notes having been given by Henderson, McDuffee and Varney, for their joint debt, each may be considered with respect to the other two as a principal in relation to one third of the debt, and as a surety in relation to the other two thirds. As to Varney's third of the debt then, the plaintiff and the defendant may be considered as sureties, and the plaintiff, in addition to what he paid on account of the defendant, is entitled to recover one half of the sum he paid on account of Varney.

As it was equally the duty of all the makers of the notes to see them paid, the costs and charges of the suits ought to fall equally upon all.

The whole amount of both notes with the costs and fees was $2070,64

From this sum deduct the money belonging to the plaintiff, the defendant and Varney, which the plaintiff has received $89,39

and there remains $1981,25

of this sum of $1981,25, the plaintiff has paid   $1943,25   Henderson
one half of which is                   $971,62   *v.*
From this deduct one half of the $38, paid by      McDuffee.
the defendant                         $19,00

and there remains                   $952,62
which is the sum the plaintiff is entitled to recover, with interest from the time he paid the debt.