CRITTENDEN (BARTLETT v.). See Case No. 1,076.

## Case No. 3,393b.

### CRITTENDEN v. DAVIS.

[Hempst. 96.] [1]

Superior Court, D. Arkansas. Jan. Term, 1831.

CURE OF DEFECTIVE VENUE.

Either a verdict or judgment cures a defective venue.

[1] [Reported by Samuel H. Hempstead, Esq.]

Error to Pulaski circuit court, determined before ESKRIDGE, CROSS, and BATES, Judges.

ESKRIDGE, J. This is a writ of error to the circuit court of Pulaski county, to reverse a judgment rendered in that court in an action of assumpsit, wherein John T. Davis, indorsee, was plaintiff, and Crittenden defendant.

Two points have been relied on by the counsel for the plaintiff in error to reverse the judgment of the court below: First, that there is not a sufficient venue laid in the declaration; and, second, that there is not a sufficient breach alleged. Both of these grounds are wholly untenable, because they are contradicted by the declaration itself. The declaration seems to have been drawn according to the most approved forms. The notes declared on are alleged to have been made in the county of Pulaski, and within the jurisdiction of the court; and the expression "then and there," applied to the execution of the indorsements, must be taken in connection with, and relate to, the venue as laid for the notes themselves. There is certainly a sufficient venue. There is a separate and distinct breach alleged to each count in the declaration, when in fact one general breach at the end of the declaration would have been sufficient. But, admitting the declaration to have been defective in not laying a sufficient venue, it was the duty of the defendant below to have availed himself of such defect, by demurring specially to it; and it is now too late, after a formal judgment by submission to the court below, to take advantage of it upon a writ of error. The modern practice, as well in England as in most of the states in the United States, is that either a verdict or a judgment cures a defective venue. 5 Mass. 94, 96; also, State v. Post, 9 Johns. 81. In the last case quoted, it was decided that, where no venue is laid in the body of the declaration, the venue in the margin is sufficient. It is not material in this case to inquire what may have been the effect of a defective venue at common law; whether it was matter of substance or barely matter of form, because it is very obvious that our statute of jeofail is as comprehensive as both the statute of Car. II. and of 4 Anne taken together. Statutes of this description have correctly received from all courts a liberal construction. Their object is to repress any attempts of parties litigant to defeat the ends of justice, by resorting to technical and frivolous objections, which do not touch the merits of matters in controversy. Judgment affirmed.