## PELATIAH NICHOLS *versus* HEZEKIAH PARSONS.

A note, some of the makers of which were, in fact, sureties, although it did not so appear on the face of the note, was transferred to A, after it was overdue and discredited. A, without any actual notice that there were sureties, agreed with the principal to give day of payment. In a suit, upon the note, in the name of the payee, for the benefit of A, it was held, that the circumstance of the note's being overdue when A took it, afforded no ground to presume that he had notice of there being sureties, and that the sureties were not discharged by the agreement to give day of payment.

ASSUMPSIT, upon a note, for $100, dated, June 4, 1825, signed by John M. Cooper, Jesse Cooper, and the defendant, whereby they, jointly and severally, promised

the plaintiff, to pay him, or order, said sum, in one year, with interest.

The cause was tried, upon the general issue, at November term, 1831, when it appeared, in evidence, that the said note was given for the debt of John M. Cooper, and that the said Jesse Cooper, and the defendant, were sureties ; but it did not appear, on the face of the note, that they were sureties. It was, however, known to Nichols, when the note was given, that they were sureties.

In 1829, the note was sold to one Samuel Ingals, for whose benefit this suit is prosecuted ; and Ingals at the time he became the owner, for a valuable consideration, agreed, with John M. Cooper, to give day of payment of the sum then due on the note, until August, 1829, without the assent or knowledge of the defendant ; but it did not appear that Ingals had notice of the defendant's being only a surety. A verdict was taken, by consent, for the plaintiff, subject to the opinion of the court, upon the above case.

*Bell*, for the defendant.

In this case there is every thing to constitute a good defence, if the whole state of the case, as existing in the plaintiff upon the record, and the plaintiff in interest, can be taken together. We hold that such is the law. The assignee of a note, discredited by being overdue, comes into the place of the assignor, and is chargeable with all existing facts, in relation to the note, that are chargeable upon the assignor.

It was a fact at the time of the assignment, that the defendant was a surety, and was known to be so to the plaintiff on the record. This knowledge, and this fact, are, by law, chargeable upon Ingals, when he took the note.

But Nichols and Ingals, in this case, make only one party. The confessions of either, or both, are evidence for the defendant. If Ingals is now the owner of the

note, he is chargeable with a knowledge of all the facts existing, in regard to the note, when he took it ; and making a contract to extend the day of payment, under such circumstances, is an agreement to discharge the defendant, and look to Cooper, with whom he made the contract.

The rule is, that in any case where the endorsee takes the note, under circumstances which might reasonably create suspicions that it is not good, he takes it at his own peril. 3 Kent's Com. 53—61. 4 Mass. Rep. 370.

*Carleton*, for the plaintiff.

RICHARDSON, C. J., delivered the opinion of the court.

When two or more persons give a note for their joint debt, they may be considered, in some respects, as sureties for one another. 5 N. H. Rep. 38, *Handerson* v. *Mc-Duffie.* But the principle, that a surety is discharged, by giving day of payment to the principal, without the assent of the surety, has never been applied in such a case.

The holder of a note has a right to consider, and to treat, all the makers as principals, unless he has notice that there are sureties.

But it is said, that, as the note in this case was transferred to Ingals, after it was discredited, he is, by law, presumed to have known every thing, in relation to it, which was known to Nichols. We do not understand the law to be so. It is true, that he, who takes a discredited note, receives it, subject to any defence which might be made to it, in the hands of any previous holder. But that principle is not applicable to this case. When Ingals received the note, it was justly due. The defence is, not that the defendant then had any answer to an action on the note, but that Ingals has since, by giving day of payment to the principal, discharged the defendant.

He, who takes a discredited note, is presumed to be acquainted with every defence to which it is subject, be-

cause no prudent man ever receives such a note, without making enquiry, and learning the reason, why it has not been paid.

But whether some of those, whose names are upon a note, are sureties, is a matter wholly immaterial to the person who purchases the note ; and he cannot be presumed to have enquired, or to have learnt, in what character they signed, because that was a circumstance with which he had no concern. If sureties wish to have the character, in which they put their names to notes, known, they must sign as sureties. If they neglect to do this, no person is bound, under such circumstances, to enquire, nor can be presumed to know, in what character they sign notes.

The circumstance, that the suit is in the name of Nichols, does not alter in the least degree, the merits of the defence, which the defendant attempts to interpose. If it had been shown that Ingals, when he gave day of payment, had notice that the defendant was a surety, the defendant must have been discharged ; but that not appearing, the plaintiff is entitled to

*Judgment on the verdict.*