## TIMOTHY GAY *versus* DAVID HOMER.

In case for slander, the first count contains a colloquium, that the plaintiff was, at the time when the words were spoken, an agent for a stage-coach company, and that one B acted as a sub-agent and as such sub-agent received moneys, of which he kept an account in the books of the company, together with way bills of passengers conveyed in the coaches of the company, and that suggestions had been made that B had not accounted for all the moneys; it then alleges, that the defendant, in a discourse of and concerning the plaintiff's agency, &c., spoke the words, " the plaintiff has altered the way bills and books (meaning the way bills under the care of said B and the books kept by him as aforesaid) to make them correspond, for the purpose of screening B (meaning thereby that the plaintiff, for the purpose of aiding said B in concealing his frauds on the said company, has been guilty of the crime of forgery.)" The second count, referring to the colloquium in the first count, alleges that the defendant uttered the words " the plaintiff and B are together in cheating the company and they will cheat them out of more than the company can make." It was *held*, that the words in these counts were actionable.

*Held* also, that new general counts, alleging respectively that the defendant charged the plaintiff with forgery, fraud, and a conspiracy to cheat, were for the same causes of action as the original counts above mentioned, and were therefore properly allowed to be filed by way of amendment.

In this commonwealth the venue in a transitory action is matter of form, and an amendment changing the venue, made after the general issue was pleaded, was allowed.

In a count subsequent to the first, in an action of slander, alleging that the words were spoken in a discourse &c., an amendment by inserting the word *other* before the word *discourse*, is matter of form and may be allowed after issue joined.

ACTION on the case for slander. The writ was dated December 20, 1830. It described the plaintiff as of Dedham in the county of Norfolk, and the defendant as of Boston in the county of Suffolk.

The declaration contained originally two counts.

The first count, as it stood originally, stated that long before and at the time when the alleged grievances were committed, the plaintiff had been and was acting as agent for a certain company, called the Boston and Providence Citizens Coach Company, with great emolument to himself &c., and that one Thomas P. Brown acted as a sub-agent, and as such sub-agent received large sums of money for the company, of which he kept an account in their books and rendered the same to the proper officers of the company, together with the way bills or account of passengers conveyed in the coaches of the company, and that suggestions had been made that Brown had

not accounted for all the moneys so by him received, where-upon an investigation was made, on examination of the books and way bills had, from which it did not appear that any money remained in the hands of Brown unaccounted for, all which the defendant well knew; yet the defendant, contriving and maliciously intending to injure the plaintiff in his good name &c., and to deprive him of his said agency and all the emoluments thereof, on June 1, 1830, *at said Dedham*, in a discourse of and concerning the plaintiff and of and concerning his agency in the said company, and of and concerning the books kept by Brown and the examination of the same, did, in the presence and hearing of divers good citizens of this commonwealth, utter the following words of and concerning the plaintiff, to wit, Mr. Gay (meaning the plaintiff) has altered the way bills and books (meaning the way bills under the care of said Brown and the books kept by him as afore said) to make them correspond, for the purpose of screening Brown (meaning thereby that the plaintiff, for the purpose of aiding said Brown in concealing his frauds on the said company, has been guilty of the crime of forgery.)

The second count alleges, that on the same day, at &c., the defendant, in a certain other discourse &c. of and concerning the plaintiff and of and concerning his agency and the agency of the said Brown in said company, did, with the malicious intention aforesaid and for the purposes aforesaid, (referring to the first count,) in the hearing of divers other good citizens, utter of and concerning the plaintiff the following words ; — " Gay (meaning the plaintiff) and Brown are together in cheating the company (meaning the aforesaid company) and they will cheat them out of more than the company can make ; " — by reason of the speaking &c. of which words (in both counts) the plaintiff has been injured in his good name &c., has lost the good will and esteem of divers good citizens, has fallen under the suspicion of the members of said company, has suffered great pain and anguish of mind, and been greatly injured in his business and pursuits, and been exposed to a public prosecution for forgery and fraud.

The action was entered at January term 1831 of the Court of Common Pleas, and was continued to the following April and

July terms. At the July term the plaintiff had leave to amend, and in pursuance thereof he filed three additional counts, to which no objection was made until the cause was opened to the jury.

The third (or first additional) count alleges, that the defendant, on June 1, 1830, at &c., in a discourse of and concerning the plaintiff, did, in the presence of divers good citizens of this commonwealth, falsely and maliciously, openly and publicly, charge the plaintiff with the crime of forgery.

The fourth count, after reciting the plaintiff's capacity of agent, as set forth in the first count, alleges that the defendant, on June 1, 1830, at &c., in the presence of divers good citizens, &c., in a certain other conversation of and concerning the plaintiff and of and concerning his behaviour in his said office and business of agent, accused the plaintiff of fraud and dishonesty in his said office of agent.

The fifth count, after reciting the agency of the plaintiff and of Brown, as set out in the first count, alleges that the defendant, in the presence of divers good citizens, &c., at &c., to wit, on June 1, 1830, in a certain other discourse of and concerning the plaintiff and of and concerning the conduct of the plaintiff in his said office of agent, charged the plaintiff with the crime of conspiring together with Brown to cheat and defraud the said Citizens Coach Company : — By means of which charges in the plaintiff's counts mentioned the plaintiff is further greatly injured &c. (as before,) and has been exposed to a public prosecution for forgery and fraud.

The defendant pleaded the general issue, in the Court of Common Pleas, and the action was brought up to the Supreme Court, upon a formal demurrer, the plaintiff reserving liberty to amend and the defendant reserving liberty to plead anew.

In all the counts the words had been laid as spoken " at said Dedham," without the videlicet, " to wit, at said Boston." At the trial in this Court, before *Putnam* J., upon reading the writ to the jury it was objected by the defendant, that the words " to wit, at said Boston," in all the counts, had been inserted after the plea of the general issue had been filed, on which he intended to rest his defence, and that such

amendments changed the venue, the cause of action having been originally at Dedham in the county of Norfolk ; and that no amendment ought to have been made without previous notice to the defendant or his counsel.    The amendments had been made some days previous to the trial, and before issue joined in this Court.    The plaintiff contended that these amendments were merely formal ; and further, that as the demurrer in the court below reserved the right to amend, the words were properly inserted, within the rule for amendments.

The judge overruled the objection, and upon the plaintiff's counsel's assenting that the trial should be postponed from that day, which was Saturday, until the following Monday, as the defendant's counsel had had no notice and might be surprised, the judge directed such postponement, and directed further, that if the defendant wished to plead specially, his pleas should be delivered to the plaintiff's counsel by 9 o'clock on Monday morning.    On that morning the general issue and pleas in justification to the first, second, fourth and fifth counts, were delivered to the plaintiff's counsel.    To all the special pleas the plaintiff replied, that the defendant spoke the words of his own wrong &c ; and issue was joined thereon.

After issue joined the plaintiff again asked leave to amend his declaration, by inserting in the third count the words, " in a certain other " before the word " discourse," and in the third, fourth and fifth counts, the word " other " before " good citizens " ; which amendments were allowed without terms, the defendant's counsel objecting thereto.

The cause went to trial upon the declaration and pleadings as they now stand ; and a verdict was found for the plaintiff.

In support of the general count alleging that the defendant accused the plaintiff of fraud and dishonesty in his office of agent, the plaintiff, at the trial, called witnesses whose testimony tended to show that the defendant had, at times previous and subsequent to June 1, 1830, imputed to the plaintiff fraud and dishonesty in his office of agent, but all the testimory related to conversations before the date of the writ and within the period fixed by the statute of limitations.    The

defendant's counsel objected to the admission of any testimony to more than one conversation, and to any conversation before June 1, 1830 ; which objection was overruled.

The defendant moved for a new trial ; —

1. Because the judge permitted the plaintiff to go into evidence upon the three new counts, which were for new causes of action.

2. Because the plaintiff was permitted to go into evidence of facts and circumstances, and of words spoken by the defendant, long prior and subsequent to the time when the words alleged in the declaration were said to have been spoken.

3. Because after the filing of the pleas the plaintiff was permitted to amend his writ and declaration, by changing the venue thereof, by inserting in all the counts the words, " to wit, at said Boston," against the consent of the defendant, thereby giving jurisdiction to the Court.

4. Because after the pleadings were closed the plaintiff was permitted to amend his declaration again without terms, so as to read " in a certain *other* discourse," under which amendments he was permitted to go into evidence of distinct and different causes of action.

The defendant moved also in arrest of judgment ; –

1. Because the words set forth in the first two counts are not actionable.

2. Because the colloquium and averments in those counts do not make the words actionable, and no special damages are alleged.

3. Because the innuendoes in the first two counts are not supported or authorized by the words alleged to have been spoken of the plaintiff.

4. Because the words set out in the first two counts do not support the charges and averments in the last three counts.

5. Because the Court had no jurisdiction of the cause before the venue was changed by the amendments, nor could the amendments made without the consent of the defendant, give such jurisdiction.

6. Because the verdict is general, and some one, or more, or all the counts are defective and insufficient to entitle the plaintiff to judgment.

Gay
*v.*
Hcmer.

July 31*st*,
1832.

*S. D. Parker* and *W. Parker* for the defendant. The new counts are for different causes of action from those alleged in the two original counts. The words set forth in the original counts, aided by the colloquium and averments, do not charge forgery, fraud or conspiracy ; and the accusations in the last three counts are alleged to have been made in other conversa tions and before other citizens than those in the original counts *Mason* v. *Waite*, 1 Pick. 452 ; *Willis* v. *Crooker*, 1 Pick 204.

Evidence of words spoken previously to the time when those alleged in the declaration were said to have been spoken, was inadmissible. 1 Chit. Pl. (1st edit.) 384.

The amendment in regard to the venue was not allowable. The venue was material. Words spoken in the county of Norfolk could not be proved as words spoken in the county of Suffolk. But even if the amendment was proper, the change of venue operated as a surprise on the defendant.

The amendments after the pleadings were closed, were inadmissible. They exhibited new causes of action, being for conversations had before citizens who had not been previously mentioned. After the declaration had been once amended, it was too late to allow further amendments. *Holbrook* v. *Pratt*, 1 Mass. R. 96 ; *Hamilton* v. *Boiden*, 1 Mass. R. 50 ; *Kinder* v. *Paris*, 2 H. Bl. 561.

The original counts will not sustain a judgment. The words set out in the first count are not actionable ; *Bloss* v. *Tobey*, 2 Pick. 320 ; *Rex* v. *Griepe*, 1 Ld. Raym. 256 ; *Thompson* v. *Bernard*, 1 Campb. 48 ; *Stevenson* v. *Hayden*, 2 Mass. R. 406 ; Starkie on Slander, 75, 21 ; *Savile* v. *Jardine*, 2 H. Bl. 531 ; nor do the colloquium and averments make them so ; and no special damage is alleged. The words do not impute forgery. Colloquiums and innuendoes do not enlarge the sense of the words spoken. An alteration of the books was not in itself unlawful, and the plaintiff ought to have set forth in a colloquium such facts as would make it so. The evidence in the case showed that it was not only lawful, but proper and necessary. One of the innuendoes is, " meanng thereby that the plaintiff, for the purpose of aiding Brown

.n concealing his frauds on the said company, has ɒeen guilty of forgery." Now this introduces a new fact, for there is no previous imputation of fraud on the part of Brown, but merely an assertion that he had not accounted. There is no colloquium of the books being altered by Brown, but only of their being in his possession, nor is there any colloquium or words showing that the defendant intended to charge the plaintiff with forgery. 1 Chit. Pl. (1st edit.) 383 ; *Hawkes* v. *Hawkey,* 8 East, 427 ; *Rex* v. *Horne,* Cowp. 672 ; 1 Wms's Saund. 243, note 4 ; Bac. Abr. *Slander, S,* 4 ; *Onslow* v. *Horne,* 3 Wils. 186 ; *Bornman* v. *Boyer,* 3 Binn. 519 ; *McClurg* v. *Ross,* 5 Binn. 218 ; *Bell* v. *Thatcher,* 1 Ventr. 275 ; *Holt* v. *Scholefield,* 6 T. R. 694 ; *Bloss* v. *Tobey,* 2 Pick. 320 ; *Feise* v. *Linder,* 3 Bos. & Pul. 374 ; Com. Dig. *Action on the Case for Defamation, F,* 12, 13, 17, 20, 21. Nor does the second count contain actionable words. It is not said that the plaintiff made alterations in the books to cheat or defraud any person. The words denote suspicion merely. Com. Dig. *Action on the Case for Defamation, F,* 13. The count does not state words charging a conspiracy, and simply to call a man a cheat is not actionable, *Stevenson* v. *Hayden,* 2 Mass. R. 408. The words, " They are together cheating the company," not naming any natural person nor corporation, would not be sustained in an indictment for a conspiracy.

. All the counts are defective and no one of them will sus tain a judgment. *Stevenson* v. *Hayden,* 2 Mass. R. 407 ; 1 Chit. Pl. (1st edit.) 383 ; *Holt.* v. *Scholefield,* 6 T. R. 691.

*Fletcher* and *J. B. Davis* for the plaintiff.

WILDE J. delivered the opinion of the Court. The defendant moves for a new trial, ɛnd also in arrest of judgment. The first objection is to the allowance of several amendments in the declaration. In the Court of Common Pleas the plaintiff filed three new counts, which it is contended by the defendant's counsel, were for new causes of action. Perhaps it would be a sufficient answer to this objection, that no opposition was made to the allowance of these amendments, and that the defendant agreed that the plaintiff might make further amendments in this Court. But on looking at these new

*March 25th*

counts we think that they are for the same causes of action set forth in the original declaration. It contained two counts for defamatory words charging the plaintiff with forgery, and with fraud and conspiracy, and the same charges are set forth in the three new counts, though in different forms.

The amendments in this Court were mere matters of form, and were clearly admissible. It has been argued, that for want of a proper venue the Court here had no jurisdiction. This point was settled in the case of *Briggs* v. *Nantucket Bank*, 5 Mass. R. 94. The want of a venue can be only taken advantage of on special demurrer, and indeed in this Commonwealth, where it never designates the county from which the jury is to come, it seems to be wholly useless. This is a transitory action, and the court here have jurisdiction, wherever the venue may be laid.

In support of the motion in arrest of judgment, several objections have been made to the declaration, which, however, we think cannot be sustained.

The first count is substantially good. It alleges that the plaintiff was agent for the Boston and Providence Citizens Coach Company, and one Brown was the sub-agent; that suggestions had been made that Brown had not accounted for moneys received by him in that capacity; and that the defendant did thereupon charge the plaintiff with having altered the way bills and books kept by him the said Brown, to make them correspond, for the purpose of screening said Brown; meaning thereby that the plaintiff, for the purpose of aiding said Brown in concealing his frauds on the said company, had been guilty of the crime of forgery. This innuendo is the legal import and meaning of the words set forth, and they are actionable without the help of the innuendo. The fraudulent alteration of a writing to the prejudice of another man's right, is forgery at common law. The words alleged to have been spoken, clearly import a fraudulent intent and fully sustain the innuendo.

The objections to the second count might be valid on demurrer as to any charge of fraud actually completed, but the words spoken, we think, import a charge of conspiracy. The words are " Gay (meaning the plaintiff,) and Brown are

together in cheating the company," &c   If a proper collo- quium had been laid with suitable averments, there could be no doubt that these words would import a charge of conspiracy and of fraudulent practices ˙done in pursuance of the conspiracy.   Whether without a colloquium this count can be held good or not, is immaterial, as the charges of conspiracy and fraud are well set forth in the fourth and fifth counts, and as these two counts are for the same causes of action informally set out in the second count, it seems to be immaterial whether that count is good or not.   We think, however, that after verdict it is good, so far as it re- lates to the charge of conspiracy.

<em>Judgment according to verdict.</em>