## Case No. 2,929b.
### COCKE v. KENDALL.
[Hempst. 236.] [1]

Superior Court, D. Arkansas. Feb., 1834.

PLEADING—VENUE—"LAWFUL MONEY."

1. A venue is technically necessary to every material traversable fact; and where one is laid in the count, all matters following refer to it.

2. Venue in the margin sufficient; and the want of one only reachable by special demurrer.

3. "Lawful money" of any state is equivalent to federal money.

Error to Pulaski circuit court.

[At law. Action by James B. Kendall, assignee of John Brown, against John H. Cocke. There was judgment for plaintiff. and defendant brings error.]

Before JOHNSON, ESKRIDGE and CROSS, Judges.

OPINION OF THE COURT. This case comes up on a writ of error to the Pulaski circuit court. The principal grounds relied upon for the reversal of the judgment in the court below, are: 1. That there is no place or venue stated in the declaration where the assignment of the writing declared upon was made. 2. That the judgment is rendered for federal money, when it should have been for lawful money of Virginia. 3. That the judgment is for more than was due. 4. That the court erred in sustaining the demurrer to the defendant's first plea,—of payment.

These objections will be considered in the order they are stated. And first, as to the want of a sufficient venue. The plaintiff in his declaration states a venue in the margin, and alleges "that on the 6th day of April in the year 1824. in the state of Virginia, to wit, in the county of Pulaski and territory of Arkansas aforesaid, and within the jurisdiction of this court, the defendant John H. Cocke, by this certain writing obligatory, acknowledged himself to be held and firmly bound unto one John Brown in the sum of 157 dollars and 75 cents. lawful money of Virginia, &c., to be paid to said Brown six months after the date of said writing obligatory, and that the said Brown, in the day and year last aforesaid. assigned his interest in the aforesaid writing obligatory to the said plaintiff by writing on the back of said writing obligatory in the words following. to wit. 'I assign,' of which the

---

[1] [Reported by Samuel H. Hempstead, Esq.]

defendant had notice." The authorities are abundant to prove the necessity of a venue to every material traversable fact. 6 Com. Dig. tit. "Pleader," C 20; 10 East, 364; 1 Chit. Pl. 307. But, when there are several facts, the venue stated as to the first will apply to all the sentences connected by the conjunction "and." 1 Chit. Pl. 307. In the case of Skinner v. Gunton, 1 Saund. 229, it is decided that, when the venue is laid for the first matter in the count, all the matter which follows refers to it. In the state of New York, it has been decided that, where no venue is laid in the body of the declaration (if the action be transitory), the venue in the margin is sufficient. 9 Johns. 81. The courts of Massachusetts have said that the want of venue can only be reached by special demurrer. Briggs v. Bank, 5 Mass. 96. These authorities, we think, apply with great force to the case before us. The venue stated in the margin of the declaration alone would be considered sufficient, according to the rule that prevails in most of the states. It is also stated in the body of the count as to the execution of the writing and assignment alleged on the day of its date. The venue, therefore, as to assignment, must be considered the same with that stated for the execution of the writing declared on. We think, without considering the effect of a verdict, that the objection as to venue cannot prevail.

The second objection relates to the judgment, which is rendered for money, in the usual form. It is insisted that it should have been rendered for lawful money of Virginia, according to the expression used in the writing. This, we think, in substance has been done, as lawful money of the United States would be lawful money of Virginia, or any other state or territory. At all events, the attitude in which the question is now presented would preclude us from reversing the judgment for that cause. The third and fourth errors assigned have not been urged with much seriousness, and, indeed, they both present questions that have been heretofore settled by this court. Upon the whole, we see no cause for reversing the judgment of the circuit court. Judgment affirmed.