## EDWARD BLAKE, Administrator, *versus* CHARLES COLE.

In an action by a surety on an administration bond against a co-surety for contribution, it appeared that the defendant signed the bond at the request of the plaintiff and upon the plaintiff's verbal promise to save him harmless. It was *held*, that this promise *might* be performed within a year and therefore was not required by the statute of frauds to be in writing, and that it was a valid defence to the action.

THIS was an action brought by the plaintiff as administrator of the estate of Jabez Hatch senior, deceased, to recover the sum of $ 2000 paid by the plaintiff as such administrator to the use of the defendant.

At the trial, before *Shaw* C. J., it appeared, that on the 11th of August, 1834, the plaintiff's intestate and the defendant became sureties on a bond at the probate office, given by Jabez Hatch junior (son of the intestate) as principal, on his appointment as the administrator of one Gallagher ; that the principal made default, and he and his sureties became liable to the amount of $ 4000 ; and that the plaintiff, as administrator of Hatch senior, was duly called upon to pay, and out of the assets of his intestate did pay that sum, as surety. And he brought this suit against the defendant as his co-surety, for a contribution.

The defence was, that the defendant was induced to sign the bond by the express request of Hatch senior, and upon his verbal promise to indemnify the defendant and save him harmless from any responsibility he might incur by reason of his so becoming surety.

This defence was placed upon two grounds in law : 1. That a parol promise to indemnify against a responsibility undertaken upon request, is a good and valid contract, and not within the statute of frauds ; and if the defendant had been called upon as surety, he might have maintained an action against the intestate, and after his decease, against the plaintiff, for the whole amount thus paid ; and 2. That even if an action could not have been maintained in such case, yet when the party at whose express request the bond was executed by one surety, has been obliged to pay money in consequence of such suretiship, he has no legal claim for contribution against the surety who exe-

Blake
*v.*
Cole.

cuted it at his request.   Both of these grounds were contested by the plaintiff.

By the deposition of one Beaman it appeared, that Hatch senior asked the defendant to sign the bond ; that the defendant declined doing it ; that Hatch said he had signed it himself and that there would be no risk ; that he had property enough and the defendant never should lose any thing by it ; that the defendant said he had seen Hatch junior, and had refused to sign ; that Hatch senior then said, " well, if you will not do it for him, do it for me ; I will hold you harmless ;" and that after this the defendant said he would sign it.

The Chief Justice proposed to instruct the jury, that if they believed the witness, the facts constituted a good defence. Whereupon, the truth of the deposition not being denied, a verdict for the defendant was taken by consent, subject to the opinion of the whole Court.

*March* 30*th.*   *Blake, pro se.*   The intestate's promise, not being in writing, was void by the statute of frauds, on the ground that it was not to be, and could not be, executed within one year. *St.* 1788, *c.* 16, § 1 ; Revised Stat. *c.* 74, § 1 ; *St.* 1788, *c.* 66, § 2 ; *St.* 1791, *c.* 28 ; *St.* 1817, *c.* 190, § 42 ; *Boydell* v. *Drummond,* 11 East, 142 ; *Fenton* v. *Emblers,* 3 Burr. 1281 ; *Moore* v. *Fox,* 10 Johns. R. 244 ; *M‘Lees* v. *Hale,* 10 Wendell, 426 ; *Plimpton* v. *Curtiss,* 15 Wendell, 336 ; *Lower* v. *Winters,* 7 Cowen, 263 ; *Bracegirdle* v. *Heald,* 1 Barn. & Ald. 722.   These sureties stand *in œquali jure,* unless the defendant can prove a difference between them by contract.   *Deering* v. *Winchelsea,* 2 Bos. & Pul. 270 ; *Craythorne* v. *Swinburne,* 14 Ves. 160.   The evidence of the contract fixing their rights is the bond, and the defendant cannot introduce parol evidence to contradict that instrument and show a verbal contract varying their liabilities to each other.

*W. Phillips* and *Robbins,* for the defendant.   If the promise may by possibility be performed within the year, it is not within the statute.   Comyn on Contr. (3d Amer. edit.) 231 ; *Peter* v. *Compton,* Skinner, 353 ; *Fenton* v. *Emblers,* 3 Burr. 1278 ; *Moore* v. *Fox,* 10 Johns. R. 244 ; *M‘Lees* v. *Hale,* 10 Wendell, 426.   The administration bond of Hatch junior, might have been forfeited within a year, in several ways, and

the promise of Hatch senior to indemnify the defendant, might have been performed within the same period. *Boston* v. *Boylston*, 4 Mass. R. 323 ; *Dawes* v. *Boylston*, 9 Mass. R. 357 ; *St.* 1816, *c.* 94, § 2 ; Revised Stat. *c.* 65, § 1 ; *St.* 1817, *c.* 190, § 14 ; Revised Stat. *c.* 64, § 14, 15, 16 ; *St.* 1782, *c.* 25, § 2 ; *St.* 1783, *c.* 24, § 19 ; Revised Stat. *c.* 70, § 6, 10.

The contract is not within the statute, because it has been performed, the representative of Hatch senior having paid the money forfeited and thereby saved the defendant harmless. *Stone* v. *Dennison*, 13 Pick. 1.

Contribution between sureties is founded on equity and not on contract, and the right may be waived expressly by contract, or impliedly by any act showing that the equity has ceased to exist. Theobald on Principal and Surety, 266, 268, 269 ; Com. Contr. (3d Am. edit.) 403 ; *Taylor* v. *Savage*, 12 Mass. R. 102 ; *Peck* v. *Ellis*, 2 Johns. Ch. R. 136 ; *Campbell* v. *Mesier*, 4 Johns. Ch. R. 337, 339 ; 1 Story on Equity, 471, 476 ; *Craythorne* v. *Swinburne*, 14 Ves. 165.

PUTNAM J. delivered the opinion of the Court. No question can be made of the general rule, that if one surety pays the whole debt or more than his part, he has a right to recover at law a contribution against his co-surety. *Batchelder* v. *Fiske*, 17 Mass. R. 468. The defendant then must be charged, unless he can show some defence exempting him from the operation of the general rule. And for this purpose he relies upon the fact, that he became surety at the request of the plaintiff's intestate, upon his verbal promise to indemnify him.

*April 6th.*

It is contended for the plaintiff, that the verbal promise was void by the *St.* 1788, *c.* 16, § 1, commonly called the statute of frauds, as it was a special promise to answer for the debt, default or misdoing of another person, upon an agreement that was not to be performed within the space of one year from the making thereof. And the plaintiff says, that by no possibility could the bond be performed within the year. The plaintiff relies much upon the case of *Boydell* v. *Drummond*, 11 East, 155, relating to the publication of prints from the scenes in Shakspeare's plays ; where it was held, that it must be a complete performance within the year, to take the case out

of the statute. And the court said, that the whole work could not have been obtruded upon the subscribers at once, so as to have entitled the publishers to demand payment of the *whole* within a year.

But the bond in the case at bar might be forfeited for breaches within the year; and such forfeiture would have rendered the sureties liable to a judgment for the penalty.

The administrator, for example, was liable to claims of creditors within the year, which were not affected by the insolvency of the estate, and it might be that these debts would absorb all the property, and so the estate would be settled within the year, and the contract would thus be completely performed within the year. It might be, that a forfeiture would be incurred for not returning an inventory within three months, or that the principal in the bond might have rendered himself liable for waste, within the year; and other causes of forfeiture might have happened within the year, which would have subjected the sureties to judgment for the whole penalty of the bond.

Comyn on Contr. (3d Amer. edit.) 232. The statute does not embrace cases which *may* be performed in a year, or which depend on a contingency. It must be an express and specific agreement *not to be performed in one year*, to come within the act. If it may be performed within the year, it does not come within it. *Moore* v. *Fox*, 10 Johns. R. 244. Thus, where the promise was to pay so many guineas on the day of the plaintiff's marriage, it was held not within the statute Where the promise was upon a contingency, and it did not appear that it was to be performed *after* the year, there a note in writing was held not necessary, for the contingency might happen within the year. *Peter* v. *Compton*, Skin. 353. So, where it was to pay so much money on the return of such a ship which ship happened not to return in two years, it was held by all the judges that it was not within the statute, for by possibility the ship might have returned within the year. It applies to a promise where by the express appointment of the party it is not to be performed in a year. *Anon.* 1 Salk. 280. So in *Fenton* v. *Emblers*, 3 Burr. 1278; the statute applies to promises expressly and specifically agreed not to be performed

within the year ; nor is any case upon a contingency within it. *Smith* v. *Westall*, 1 Ld. Raym. 316 ; *Gilbert* v. *Sykes*, 16 East, 150.

Blake
*v.*
Cole.

A surety may by contract take himself out of the liability to contribute ; as in *Craythorne* v. *Swinburne*, 14 Ves. 150, it appearing by parol evidence, which was held to be admissible, that the defendant was not co-surety, but that without the privity of the other surety he became surety for *the principal and the other surety.*

We think that the evidence in the case at bar brings it within the principle of the case last cited. ·From the evidence properly introduced in the case, the right of the plaintiff's intestate to have a contribution of the defendant, is completely rebutted ; *for the defendant became surety at the request of the intestate, and upon his verbal engagement to indemnify him.* 1 Story's Equity, 477. The principle is recognized by *Parker* C. J., in *Taylor* v. *Savage*, 12 Mass. R. 98. " It is settled that when a surety joins in the bond at the request of him who sues for contribution, he shall not be held to pay." In the case at bar the defendant refused to sign the bond at the request of the principal, and the intestate induced him to sign it : " Well," said he, " if you will not do it for him, do it for me ; I will hold you harmless." And thereupon the defendant executed the bond.

We think that the intestate had no right, against his agreement, to call upon the defendant for contribution. His relation to the defendant was rather as a principal, for whom the defendant became under an obligation.

But although it seems to the Court to be clear that the plaintiff ought not to recover, yet we think that acting, as he does, as an administrator of the estate, in which the widow and heirs are greatly interested, it was proper for him to present the claim for the consideration of the Court.

*Plaintiff nonsuit.*