Blackford, J.
This was an action of trespass quare clau-sum fregit. The writ was issued by the clerk of the Circuit Court in Montgomery county, in which county the trespass was alleged to have been committed. There were four defendants, all of whom resided in Clinton county, to the sheriff of which county the writ was directed, and was byhim there executed on the defendants. On the return of the writ to the Montgomery Circuit Court, an attorney, as amicus curia,, moved the Court to quash the writ, and the motion was sustained.
This decision is right. A writ can not be directed to the sheriff of a different county from that in which it issues; unless authorized by statute. There are only two cases in which the statute provides for the directing of a capias ad *respondendum to such other county. One is, where there are several defendants, and one or more of them reside in the county in which the writ issues, and tüe other or others reside in a different county. The other case is, when the defendant resides in the county where the suit is instituted, and afterwards flees or removes therefrom, and the plaintiff makes affidavit of that fact. R. S., 1838, p. 447. The case before us does not come within either of those provisions, as the defendants all resided in a different county from that in which the writ issued.
The plaintiff contends that this action being local could be brought only in Montgomery county, the trespass having been there committed, and that it could only be so brought by send *603 ing the writ to Qlinton county. It is no doubt true, that the suit would lie in the county only in which the trespass was committed; Livingston v. Jefferson, 1 Brock., 203; but it does not follow that the process can, in such case, be sent to another county. The process can only be sent, as we have already observed, when there is a statute authorizing it; and there is no statute authorizing it under the circumstances of this case. The want of some statutory provision on the subject may be a casus omissus; but if it be so, the omission can not be remedied by this court.
R. C. Gregory, for the plaintiff.
H. 8. Lane and 8. C. Wilson, for the defendants.
Per Curiam.—The judgment is affirmed with costs.