Nov. Term,
. 1845.

DUMONT
v.
LOCKWOOD.

Wednesday,
· December 17.

DUMONT v. LOCKWOOD.

An objection to a declaration in trover because the venue is wrong, can be made only on special demurrer.

ERROR to the *Clinton* Circuit Court.

DEWEY, J. — *Dumont* commenced an action of trover against *Lockwood* in the *Clinton* Circuit Court, laying the venue in *Cass* county. The defendant pleaded not guilty, upon which there was issue. The cause was continued several times, when, on the motion of the defendant, the Court dismissed the action on the ground of a supposed want of jurisdiction.

We think the Court was mistaken in supposing they had no jurisdiction of the cause. The statute of jeofails, which was in force when the action was commenced, adopts the act of 16 and 17 Car. 2, c. 8. R. S. 1838, p. 456. The *English* statute enacts, that no judgment shall be reversed or arrested "for that there is no right venue, so as the cause were tried by a jury of the proper county or place where the action is laid;" and one clause of our present statute of jeofails, which was in force when the cause was dismissed, contains a similar provision. R. S. 1843, pp. 714, 715. It has been held, that the statute of Car. 2 cured a wrong venue, if there had been a verdict in the county where the action was laid or brought. *Craft* v. *Boite*, 1 Saund. 246, 248, n. 3. And even in a local action brought and tried in a wrong county, the defect, if it appear of record, is aided by the same statute. A demurrer, however, will reach it. *Id*. 241, c, n. 6. — *Mayor of London* v. *Cole*, 7 T. R. 583. So; also, a local action may, by the consent of the parties appearing of record, be tried in another county. 1 Chitt. Pl. 268. And in transitory actions like this, a wrong venue in a declaration is mere matter of form, and can be reached only by a special demurrer. *Briggs* v. *The Nantucket Bank*, 5 Mass. R. 94. — *Gilbert* v. *The Nantucket Bank*, *Id*. 97. These authorities suffice to show that the Circuit Court of *Clinton* county had jurisdiction of this cause, and that its dismission was erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. P. Biddle*, for the plaintiff.

*D. Mace* and *W. Wright*, for the defendant.