May Term,
1848.

SHERRY
v.
WINTON.

---

## SHERRY *v.* WINTON.

Either party to a writ of *habeas corpus*, may sue out of this Court a writ of error to an associate judge trying the same, upon any final judgment thereon.

The jurisdiction of a Circuit Court is limited, generally, to the bounds of the county in which it is held.

A warrant of commitment for contempt cannot be sent from the Circuit Court of one county to the sheriff of another.

Friday,
June 2.

ERROR to the judgment of the Hon. *John Peters*, in *Tippecanoe* county.

BLACKFORD, J.—On the 19th of *May*, 1848, a writ of *habeas corpus* was issued by the clerk of the *Tippecanoe* Circuit Court, on the order of the Hon. *John Peters*, an associate judge of that Court. The writ commanded one *Matthew H. Winton*, sheriff of *Tippecanoe* county, that he should have the body of *John Sherry*, being imprisoned, &c., with the time and cause of his imprisonment, before

said judge, to do and receive what should then and there be adjudged, &c.

On the next day after the *habeas corpus* issued, the same was returned by the sheriff. The return states, that the sheriff held *Sherry* in custody by virtue of a certain writ, a copy of which is inserted in the return. That writ was a warrant of commitment issued by the clerk of the *Carroll* Circuit Court, and under the seal of that Court, and was directed to the sheriff of *Tippecanoe* county. The commitment, which is dated the 29th of *April*, 1848, recites that, in a certain suit in the *Carroll* Circuit Court, in which said *Sherry* and others, (naming them,) were defendants, the parties appeared at the *October* term, 1846, and, on the plaintiff's motion, the defendants showing cause against it, that Court adjudged said *Sherry* and others to be guilty of a contempt for refusing to comply with a certain order of injunction made by that Court; and that it was, therefore, decreed that a warrant should issue, directed to the sheriff of *Tippecanoe* county, commanding him to arrest said *Sherry* and others, and commit them to the jail of *Tippecanoe* county, there to remain until they should fully comply with said order of injunction, or until otherwise legally discharged, and until the payment of the costs of that proceeding. The commitment also recites, that the *Carroll* Circuit Court, at its *April* term, 1848, the said warrant of commitment having been returned not executed, ordered, on said plaintiff's motion, that a further warrant of commitment should forthwith issue, directed to the sheriff of *Tippecanoe* county, commanding him to arrest said *Sherry* and others, and commit them to the jail of *Tippecanoe* county, there to remain until they should comply with said order of injunction, and pay said costs, or until otherwise legally discharged. After these recitals, the commitment commands said sheriff to arrest said *Sherry* and others, and commit them to the jail of *Tippecanoe* county, there to remain until they should fully comply with said order of injunction, or until otherwise legally discharged, and until said costs were paid.

May Term,
1848.

SHERRY
v.
WINTON.

May Term,
1848.

Sherry
v.
Winton.

A copy of said order of injunction is attached to the warrant of commitment.

Upon this return to the *habeas corpus*, the said *Sherry* moved the judge aforesaid, to whom the return was made, for his discharge from custody, which motion was overruled by the judge.

*Sherry* then filed two pleas to the sheriff's return to the *habeas corpus*, which were demurred to, and the demurrers were sustained.

The judge thereupon remanded *Sherry* to the custody of the said sheriff.

To that decision of the judge, remanding the prisoner, this writ of error is prosecuted.

There are two questions raised in this case: 1. Whether a writ of error will lie? and if it will, then 2. Whether the *Carroll* Circuit Court was competent to order the commitment to be directed to the sheriff of *Tippecanoe* county?

As to the first question, the statute enacts that " either party to a writ of *habeas corpus* may sue out of the Supreme Court a writ of error to the Court or judge trying the same, upon any final judgment and determination thereof, in the same manner as writs of error may now be issued to the several Circuit Courts ; and the Court or judge shall sign and seal all proper bills of exceptions which may be tendered during the progress of such trial." Acts of 1847, p. 113.

Here is a statute expressly giving the parties, in cases like the present, a writ of error. Some doubts have been suggested as to the constitutionality of the act, but the objection to it is not so clear as to authorize us to disregard it. The judge may be considered as acting in the case as a Court for a special purpose, and we do not think we would be warranted in declaring the statute void, which authorizes a writ of error to his judgment.

We have no doubt as to the second question. A Circuit Court is a county Court only, whose jurisdiction is limited, generally, by the bounds of the county. It can issue no process, whether mesne or final, to any other

county, unless by some special statutory provision. In the present case, no statute has been cited, and we know of none, that authorizes a warrant of commitment for contempt to be sent from the Circuit Court of one county to the sheriff of another. The act relied on by the defendant in error, is that authorizing writs of *capias ad satisfaciendum*, (which can only issue in certain cases,) to be directed to another county. That act provides that "whenever judgment shall be rendered, in any Court of record, for any debt, damages, sum of money, or costs," execution may, under certain circumstance, issue to any county in the State. That act also provides, that "no writ of execution shall be issued, except as therein provided, by any Court, officer, or justice of the peace, against the body of any execution-debtor." It then enacts further, that, before any such writ shall issue, the creditor shall file an affidavit, charging the debtor with fraudulently concealing, removing, conveying, or transferring his property, &c. R. S. 1843, p. 742. We do not think that statute has any application to the case before us. It relates only to executions issued on judgments for money; and even on such judgments a *capias ad satisfaciendum* cannot be issued except under certain circumstances, which have not the slightest relevancy to cases like the one before us.

Upon its being ascertained that there is no statute saying that a warrant of commitment, like the present, may be directed to the sheriff of another county, this case may be considered as settled.

If, for example, there was no statute expressly authorizing a *ca. sa.* on a judgment for money to be issued, under any circumstances, to any other county than that in which the judgment was rendered, there is no one, we imagine, who would ever think of having such an execution issued to another county for the imprisonment of a debtor there.

A person is not to be shut up within the walls of a prison, but in cases where the law plainly authorizes his imprisonment.

The sheriff of *Tippecanoe* county is not an officer of the *Carroll* Circuit Court, and he cannot, of course, in the absence of any special statutory provision on the subject, execute the process of such Court.

We are of opinion, for these reasons, that the warrant of commitment before us shows, on its face, that it issued without authority, and that it is consequently void.

The view we have thus taken of the case, renders it unnecessary for us to examine the pleas demurred to.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*R. C. Gregory* and *S. A. Huff*, for the plaintiff.

*R. A. Lockwood*, for the defendant.