By the Court. Sandford, J.
We have no difficulty in affirming this judgment, on the ground taken by the judge at the special term. The suit is brought, most palpably, for the recovery of a farm in the county of Queen’s. The circumstance *529 that the complaint does not pray the delivery of possession, has no influence on its character. If the prayer be granted, the plaintiff recovers the title to the farm, which in effect is recovering the farm. The court, as a matter of course, would add to the judgment a direction that the defendant deliver up the possession. _ If the plaintiff should decline such direction, a suit in the nature of an ejectment founded on the judgment, would give him the possession; the title being already vested in him by the judgment.
Nor does the fact that the judgment sought in this case would operate on the defendant personally, affect the point. The object of the suit is land, and nothing else. The alternative prayer, for the money intrusted to the defendant is of no consequence, because there is no pretence that he has misapplied the money, and the plaintiff, if entitled to recover at all, is entitled to the farm itself. He cannot, on the defendant’s refusal to convey, recover the value of the land, leaving it in the ownership of the defendant.
The action also falls within the other clause of the provision in the code of procedure. It is brought for the determination of an estate, right, or interest, in real property. We cannot assent to the argument, that this comprehensive language of the code, was designed merely to embrace the novel, and, as yet, scarcely tried, real action, originated by the revised statutes, entitled “ Proceedings to compel the determination of claims to real property in certain cases.” (2 R. S. 312.) Proceedings of this nature are, doubtless, within the language of the code; and so are a great many other actions equally embraced by it. The argument would be just as strong in favor of saying that none but actions for an equitable right in lands, were intended by the language in question. We are informed that the same view we take of the extent of this provision, was held by Hr. Justice Hitchell, in the supreme court in this district, two or three weeks since; and that he applied it to an action brought for the purpose of declaring a conveyance of lands fraudulent, and to have the grantee claiming the land as his own, declared to be a trustee for others.
Then as to our jurisdiction of this action. The code of 1848, *530 which was in force when the suit was commenced, enacts that the jurisdiction of this court shall extend, first, to the actions enumerated in section one hundred and three, when the cause of action shall have arisen, or the subject of the action shall be situated in the city of Eew York; second, to all other actions where the defendants reside or are personally served with process in that city; and third, to corporations in certain cases. (Code of Procedure of 1848, § 39.) Eow the action before us does not fall within the second subdivision, for the reason that it is one of those enumerated in section one hundred and three. It is true there are no words of exclusion, as there are in the code in respect of justices’ courts ; but the effect is the same, because the whole jurisdiction is bestowed by the code itself.
Then as to section one hundred and three; it contains, besides actions for the recovery of real property &c., partitions, and the foreclosure of mortgages; a large class of actions purely personal in their nature, most of which in the former practice were termed transitory, and others that were made local by statute. It is plain, therefore, that the words in section thirty-nine, “ when the cause of the action shall have arisen” in the city of Eew York, relate to the class of personal actions, and that they do not affect or control the other words, “ when the subject of the action shall be situated” in this city.
To express our idea in a different form, when the subject of the action, not of a transitory nature, is situated in the county of Queens, that fact must govern as to our jurisdiction; although it may be true, that the acts which furnish the grounds of the suit were all done in the city of Eew York, and in that sense the cause of action arose there.
There is no analogy between this question and the jurisdiction of the vice-chancellors under the revised statutes. The latter had jurisdiction where either of the persons proceeded against resided in their respective circuits, without regard to the place where the cause arose,, or where the subject matter in controversy was situated. (2 R. S. 168, § 2.) Eor does our construction oust the supreme court of any jurisdiction which the late court of chancery exercised against persons in this state, affecting lands owned or claimed by them in other states or countries. The *531 jurisdiction of the supreme court is made general by the constitution. The code does not define it; much less does it assume to restrict its limits.
Without looking into the other grounds of demurrer, we must affirm the judgment.
Judgment affirmed.