## HUBER v. ROBINSON.

COMMON PLEAS—JURISDICTION.—The jurisdiction of the Court of Common Pleas, in criminal prosecutions, is only co-extensive with the limits of the county, and it can issue no process to any other county, unless by some special statutory provision.

IMPRISONMENT.—Any one charged with a criminal offense, and before conviction, may, under sec. 11, 1 G. & H. 411, on the order of the judge, where there is no sufficient prison in any county, be removed to the jail of a

county other than that in which he stands charged. But when imprisonment in a county jail is the punishment for crime, he can not be so removed.

CONSTRUCTION—STATUTES.—It is the duty of the court to construe the words of a statute in their plain and ordinary sense, unless such construction would lead to absurdity.

On *Friday, January* 22, 1865, the argument of this application was heard before Chief-Justice *Ray,* and the case was taken under advisement until *Saturday* morning at 10 o'clock, when, the judges taking their places on the bench, Chief-Justice *Ray* announced that, as the decision of the application involved the construction of a statute, and as it was desirable that such construction should be authoritative and a guide to legislative action, and therefore the judgment of the Supreme Court, he had submitted the question to the full bench of judges, and it had been considered by them, and that Justice *Gregory* would now deliver the opinion of the court.

GREGORY, J.—On the application of *Huber,* a writ of habeas corpus was issued by the clerk of this court on the order of Chief-Justice *Ray,* directed to the defendant *Robinson,* sheriff of *Marion* county, commanding him to have the body of *Huber,* etc., before the judge aforesaid, at, etc., on, etc., to do and receive what shall be ordered, etc. To this writ the defendant makes the following return:

"I hereby produce said *Jacob Huber,* in obedience to the order of this writ of *habeas corpus* herein. I hold said *Huber* under the authority of an order from Hon. *Solomon Blair,* judge of the Court of Common Pleas of this district, a copy of which order is filed herewith, and which order was made upon the conviction of said *Huber,* in the Court of Common Pleas of *Hendricks* county, upon an information filed in said court by the district attorney thereof, at the *January* term, 1865; upon which conviction said *Huber* was duly sentenced to pay to the state of *Indiana* the sum of $200, and costs of the suit, and to be

imprisoned thirty days in the county jail of *Hendricks* county, and until said fine and costs are paid or replevied."

The copy of the order of Judge *Blair* referred to is as follows:

"State of *Indiana, Hendricks* county, in the Court of Common Pleas, *January* term, A. D. 1865; *Wednesday, January* 25, 1865. State of *Indiana* v. *Jacob Huber.* Information for keeping disorderly house. Comes *Edmund H. Straughan,* sheriff of *Hendricks* county, and on his application, it is ordered that the said *Jacob Huber* be committed to the *Marion* county jail, the jail of this (*Hendricks*) county, being insufficient to keep prisoners.

"(Signed,)            SOLOMON BLAIR,
*"Judge Court of Com. Pleas, 12th Dist."*

To this return, the plaintiff *Huber* demurs.

The jurisdiction of the Court of Common Pleas in this state, in criminal prosecutions, is only co-extensive with the limits of the county.

This court, in the case of *Sherry* v. *Winton,* 1 Ind. 96, Judge *Blackford* delivering the opinion, said: "A Circuit Court is a county court only, whose jurisdiction is limited generally by the bounds of the county. It can issue no process whatever, mesne or final, to any other county, unless by some special statutory provision."

The only statute under which it is claimed that *Huber* is held by the sheriff of *Marion* county, on a conviction in *Hendricks* county, for keeping a disorderly house, is as follows: "When there is no sufficient prison in any county wherein any criminal offense shall have been committed, any judge of the Circuit or Common Pleas Court of such county, upon application of the sheriff, may order any person *charged* with a criminal offense, and ordered to be committed to prison, to be sent to the jail of the county nearest having a sufficient jail; and the sheriff of such nearest county shall, on exhibit of such judge's order, receive and keep in custody in the jail of his county the prisoner ordered to be committed as aforesaid, at the

expense of the county from which such prisoner was sent; and the said sheriff shall, upon the order of the Circuit Court, or a judge of the Court of Common Pleas, *redeliver such prisoner when demanded.*" (1 G. & H. 411, sec. 11.)

Looking at the precise words used, and construing them in their ordinary sense, the plain meaning of this statute, taken together, is that any one *charged with a criminal offense, and before conviction*, may, on the order of the judge, in the case contemplated by the section, be removed to the jail of a county other than that in which he stands charged. And, under the rule of law on this subject, it is the duty of this court, to give this construction to this statute, unless it would lead to an absurdity or manifest injustice. (*Parke*, B. in *Perry* v. *Skinner*, 2 M. & W. 476.) We do not think this a case requiring judicial interpretation, changing the plain and obvious meaning of the words of the act.

It is the duty of each county in this state to provide a common jail. It may so happen, by accident or otherwise, that for a limited period some of the counties may not have such jail. In such case it would be very proper that persons *charged with crime* should be safely held for trial; otherwise the greatest offenders might escape. But where imprisonment in the county jail is the punishment for a crime of which the person has been convicted, it seems to us not the policy of the law to increase that punishment by removing the criminal to a neighboring county, away from home and friends. Such a course results in an inequality in the punishment of offenders; and in the language of *Blackford*, J., in the case of *Sherry* v. *Winton*, *supra*, "a person is not to be shut up within the walls of a prison, but in cases where the law plainly authorizes his imprisonment."

The sheriff of *Marion* county is not an officer of the Court of Common Pleas of *Hendricks* county, and he can not, of course, in the absence of any special statutory pro-

vision on the subject, execute the process of such court. *Sherry* v. *Winton, surpra.*

It follows that the order of Judge *Blair* for the removal of *Huber* is void, and in contemplation of law, *Huber* is, or at least ought to be, in the custody of the sheriff of *Hendricks* county; and, under the provisions of sections 728 and 734 of the code, (2 G. & H. 319–320,) it should be ordered that said *Jacob Huber* be discharged from the custody of the said defendant *Robinson*, the sheriff of *Marion* county, and remanded to the custody of the sheriff of *Hendricks* county. Which order was accordingly made by Chief-Justice *Ray*.

*Joseph Miller* and *Ray & Gordon*, for petitioner.