Kinser *et al. v.* Dewitt.

Filed Sept. 22, 1893.

---

No. 802.

## KINSER ET AL. *v.* DEWITT.

JURISDICTION.—*Trespass on Real Estate.—Local Action.—Defendants Residing in Another County.—Process, how Served on.—*An action for damages, by reason of trespass on real estate, must be brought in the county where such land is situate; and in such case, if the defendants, or any of them, reside in another county, process may issue to such county and be served against them therein, as provided by statute.

MUNICIPAL CORPORATIONS.—*Streets and Alleys.—Sewer.—Authority to Construct.—Trespass on Abutting Land.—Damages.—*Where a city confers power on persons to construct a sewer along one of its streets, such power does not authorize them to go beyond the limits of the street and enter upon abutting premises, nor to put earth upon such premises to the inconvenience or injury thereof; and for any such injury the contractors are liable in damages.

From the Henry Circuit Court.

*W. S. Diven* and *E. B. McMahan,* for appellants.
*J. C. Shuman,* for appellee.

Ross, J.—This appeal is prosecuted from a judgment rendered in an action brought by the appellee against the appellants for trespass, in injuring appellee's real estate, by wrongfully entering and depositing large quantities of earth thereon. The action was commenced in the Madison Circuit Court, and the venue changed, on the application of the appellants, to the Henry Circuit Court. Before making the application for a change of venue, the

appellants filed their verified answer attacking the jurisdiction of the court over their persons, neither one of whom, it was alleged, were residents of Madison county, but that they were residents of Delaware and Vigo counties. To this plea a demurrer was sustained by the court, and this ruling presents the first question in the record to be considered on this appeal.

Section 339, R. S. 1881, provides that "the defendant may demur to the complaint when it appears upon the face thereof, either—first. That the court has no jurisdiction of the person of the defendant or the subject of the action"; and section 343, R. S. 1881, provides that when any of the matters enumerated in section 339 as cause for demurrer, except for misjoinder of causes, do not appear upon the face of the complaint, the objection may be taken by answer, and all objections not taken, either by demurrer or answer, shall be deemed waived, except only the objection to the jurisdiction of the court over the subject of the action, or that the complaint does not state facts sufficient to constitute a cause of action: *Provided*, however, That the objection that the cause was brought in the wrong county, if not taken by answer or demurrer, shall be deemed to have been waived.

A personal judgment rendered by a court without having acquired jurisdiction of the persons against whom it is rendered, either by personal service of process or by appearance, is absolutely void, and will be so treated, even in a collateral attack. *Mitchell's Admr.*, v. *Gray*, 18 Ind. 123; *State, ex rel.,* v. *Ennis*, 74 Ind. 17; *Cavanaugh* v. *Smith*, 84 Ind. 380.

"Objections to the jurisdiction over the person must be taken, in the first instance, by demurrer, if the want of jurisdiction appears upon the record, and by plea or answer setting up the facts showing the want of jurisdiction, if the facts do not otherwise appear of record."

*Newell* v. *Gatling,* 7 Ind. 147; *Keiser* v. *Yandes,* 45 Ind. 174.

Jurisdiction over the person, however, is admitted by a full appearance to the action. *Eldridge* v. *Folwell,* 3 Blackf. 207; *Shirley* v. *Hagar,* 3 Blackf. 225; *Lane* v. *Fox,* 8 Blackf. *58; *New Albany,, etc., R. R. Co.* v. *Combs,* 13 Ind. 490; *Free* v. *Haworth,* 19 Ind. 404; *Cox* v. *Pruitt,* 25 Ind. 90; *Smith* v. *Jeffries,* 25 Ind. 376; *Garner's Admr.* v. *Board,* 27 Ind. 323; *Street* v. *Chapman,* 29 Ind. 142; *Hamrick* v. *Danville, etc., Gravel Road Co.,* 32 Ind. 347; *Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315; *Slauter* v. *Hollowell,* 90 Ind. 286.

An action to recover damages for trespass to real estate is local in its nature, and can be brought only in the county in which the premises are situated. *Ham* v. *Rogers,* 6 Blackf. 559; *Prichard* v. *Campbell,* 5 Ind. 494; *Loeb* v. *Mathis,* 37 Ind. 306; *Du Breuil* v. *Pennsylvania Co.,* 130 Ind. 137.

Section 307, R. S. 1881, provides that "actions for the following causes must be commenced in the county in which the subject of the action, or some part thereof, is situated: *First.* For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property."

Jurisdictions over the subject-matter was in the Madison Circuit Court, and this action could not be brought in any other county and the court have jurisdiction of the subject-matter. The statute having defined the court having jurisdiction over the subject-matter of the action, the action must be brought in that court, and jurisdiction over the persons of the defendants, who were residents of another county, must be obtained in some manner provided by the statute, if any such provision has been made.

In the case of *Ham* v. *Rogers, supra,* which was an action brought in the Montgomery Circuit Court against residents of Clinton county for a trespass to real estate situated in Montgomery county, process was issued by the Montgomery Circuit Court to the sheriff of Clinton county and was duly served. The defendants, by an attorney, appeared specially and moved to quash the writ, and the motion was sustained. The Supreme Court, in reviewing the action of the lower court, says: "The plaintiff contends that this action being local could be brought only in Montgomery county, the trespass having been there committed, and that it could only be so brought by sending the writ to Clinton county. It is no doubt true, that the suit would lie in the county only in which the trespass was committed; *Livingston* v. *Jefferson,* 1 Brock. 203; but it does not follow that the process can, in such case, be sent to another county. The process can only be so sent, as we have already observed, when there is a statute authorizing it; and there is no statute authorizing it under the circumstances of this case."

We have a statute now, however, which specially provides that in cases of this kind process may issue to and be served in any county in the State. Section 308, R. S. 1881.

It is not contended, by the appellants, that the process was irregular or was insufficient, but simply that the action should have been brought in the county in which one or the other of them resided, and not in the county where the trespass was committed. We think their contention untenable, in view of the statute and the many cases already cited. There was no error in sustaining the demurrer to the plea in abatement.

The sufficiency of the complaint is assailed in this court only, by an assignment that it does not state facts

sufficient. Counsel have not specifically designated wherein the complaint is defective, and we have noticed none which would warrant us in holding it to be insufficient when assailed for the first time in this court.

The error assigned, to which our attention has been more particularly called, and upon which the appellants rely for a reversal of the court below, relates to the ruling of the court in sustaining the demurrer to the second paragraph of their answer. In this answer, it is averred that the real estate, upon which the trespass is alleged to have been committed, abuts on a public street in the city of Anderson, along which the common council of said city, prior to the alleged trespass, ordered a sewer to be constructed, the same being located in said street immediately adjoining the appellee's property, the necessary resolutions for the improvement having been passed, and the notice of their passage, of the assessments of damages and benefits, and of the letting of the contract for the work having been given; that the appellants were awarded the contract, by said common council, for the construction of said sewer according to the plans and specifications adopted by them therefor; that appellants "proceeded to the execution of said work and executed the same in all respects according to the plan and specifications therefor, and that the acts complained of were necessarily done in the necessary excavation and completion of said work, and in no other way or manner, and for no other purpose."

The contention of appellants is, that, if the construction of the sewer necessitated the placing of earth upon appellee's property, in making the proper excavations, and they alleged it was, whatever injury she might sustain thereby was taken into consideration in assessing her damages and benefits, and that she has no right of action against them therefor.

The right of a city to construct sewers on and along its streets and alleys is regarded as incident to its general powers over the same. *Leeds* v. *City of Richmond*, 102 Ind. 372, and cases cited.

Under the act of March 8, 1889, p. 237 (Elliott's Supp., sections 812–821), special provision has been made for the construction of sewers by cities and incorporated towns along streets and alleys, but no right is conferred by that act, or any other, to the knowledge of this court, to take private property without first having the damages assessed and tendered.

From the facts alleged in the answer under consideration, it is shown that the sewer which the appellants undertook to build was to be built on and along a street upon which appellee's property abutted; that notice of the passage of the resolution for said improvement was published at a time and place, "when and where all property owners along the line of said proposed improvement could make objection to the necessity for the construction of said work."

The power granted to the appellants, by the city of Anderson, to construct a sewer along one of its streets, conferred no authority on them to go beyond the limits of the street and enter upon the premises of the appellee, neither did it authorize them to put dirt upon her lands, either to her inconvenience or the injury of her property. The answer wholly fails to show any right to do the acts complained of; hence, there was no error in sustaining the demurrer to it.

It is also urged that if there is any liability for the acts complained of, it exists against the city, and not against the appellants. This contention is not tenable. The city of Anderson could not authorize the appellants to do an unlawful act so as to shield them from liability. It granted them the right to construct a sewer along one

of its streets, and if they, in the construction thereof, unlawfully entered upon appellee's property, to her injury, they alone are answerable therefor.

Judgment affirmed.

Filed Oct. 10, 1893.